## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

ROBERT LEE JOHNSON, JR.,   )
    Plaintiff,     )
          )
 v.         )  CAUSE NO.: 3:24-CV-606-JVB-APR
          )
STONE, WAYNE PEEPLES, and MARK )
NEWKIRK,       )
    Defendants.   )

## OPINION AND ORDER

Robert Lee Johnson, Jr., a prisoner without a lawyer, filed a complaint alleging he was fired from his job as a kitchen worker at the Indiana State Prison. (ECF 1). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges Sgt. Stone fired him from his prison job without ever having seen him work in the kitchen. Accepting these allegations as true, it is understandable why Johnson feels that he was treated unfairly. Nevertheless, "prisoners do not have a property interest in their employment." *Stankowski v. Carr*, No. 23-2458, 2024 WL 548035, at *1 (7th Cir. Feb. 12, 2024), citing *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). This complaint does not state a claim against Sgt. Stone.

Johnson alleges Aramark District Manager Wayne Peeples knows that he does good work in the kitchen. It is unclear why Johnson sued Peeples. He does not allege Peeples did anything

which violated his rights. Merely knowing that Johnson was unfairly fired does not make Peeples financially liable to Johnson. This complaint does not state a claim against District Manager Peeples.

Johnson alleges Executive Assistant Mark Newkirk denied his classification appeal. However, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause . . . ." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). This complaint does not state a claim against Executive Assistant Newkirk.

This complaint does not state a claim for which relief can be granted. Though it appears unlikely he can state a claim based on (and consistent with) the events described in this complaint, he will be granted leave to try. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) **GRANTS** Robert Lee Johnson, Jr., until **November 21, 2024**, to file an amended complaint; and

(2) **CAUTIONS** Robert Lee Johnson, Jr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

2

SO ORDERED on October 22, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT