UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT LEE JOHNSON, JR., <br>     Plaintiff, <br> <br> v. <br> <br> STONE, EAYNE PEEPLES, and MARK NEWKIRK, <br>     Defendants. | ) <br> ) <br> ) <br> )    CAUSE NO.: 3:24-CV-606-JVB-APR <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

Robert Lee Johnson, Jr., a prisoner without a lawyer, filed a complaint alleging he was fired from his prison job on January 21, 2024. (ECF 1). The Court screened that complaint and told him it did not state a claim. (ECF 6). Johnson was granted until November 21, 2024, to file an amended complaint. *Id*. The Court explained:

> This complaint does not state a claim for which relief can be granted. Though it appears unlikely he can state a claim based on (and consistent with) the events described in this complaint, he will be granted leave to try. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.
> For these reasons, the Court:
> (1) **GRANTS** Robert Lee Johnson, Jr., until **November 21, 2024**, to file an amended complaint; and
> (2) **CAUTIONS** Robert Lee Johnson, Jr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

*Id*. at 2. The Court waited more than six weeks after the deadline expired, but Johnson did not respond. So, this case was dismissed. (ECF 8).

Some days later, the Court received an unsigned letter asking to reopen the case. The letter says Johnson did not know the definition of the word "amended." He says he asked for a Pro Se

14 (INND Rev. 2/20) Prisoner Complaint form, but did not realize it was the same form as his original complaint until he saw it. The letter says Johnson only recently realized "the court was granting me to file the complaint all over." (ECF 11 at 1). This claim is not credible. Johnson knew he was "granted leave to try" to state a claim. He was told to get a prisoner complaint form, which he did. He was told to write the word "Amended" on that form and send it to the clerk after it was properly completed. (ECF 6 at 2). Moreover, Johnson knew he had until November 21 to do something or his case would be dismissed. To the extent he did not understand what to do, he could have written the Court and asked. He had nearly eleven weeks before this case was dismissed to do so. The letter says Johnson's placement in segregation placed restrictions on him, but those restrictions did not prevent him from sending this letter. Neither did they prevent him from sending his trust fund ledger with a note on October 16, 2024. (ECF 7). Nor did it prevent him from sending two letters in another case in late October. *Johnson v. Massey*, 3:23-cv-554 (N.D. Ind. filed April 10, 2023), (ECF 19 and 20).

For these reasons, the unsigned letter's request to reopen this case (ECF 11) is **DENIED**.

SO ORDERED on January 24, 2025.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT